Lester **CANNADY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18851.

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1965.

Decided Aug. 13, 1965.

Mr. Albert F. Beasley (appointed by this court), Washington, D. C., submitted on the brief for appellant.

Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., submitted on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellant was convicted of robbery and simple assault and given concurrent sentences. The Government's case rested on the testimony of the complaining witness who testified that he had been accosted by two men at about 12:20 or 12:45 a.m. on March 6, 1964. He stated that the men beat him and robbed him of about $180, that the following afternoon, he was in a beer parlor and saw appellant enter; he recognized him as one of his assailants. He testified that appellant saw him and "broke and ran out of the place." He followed appellant outside and told his story to a Park Policeman who followed appellant, arresting him in the hotel in which he was staying. The money taken from the complaining witness was apparently never recovered. Appellant had $2.79 on his person at the time of his arrest.

Appellant testified, by way of alibi, that he worked at his job in Virginia on March 5 until about 11:00 p.m. He took a bus back to the District, walked directly to the hotel, and did not leave for the rest of the night. He denied that he had robbed the complaining witness or that he had run from him. On cross-examination he testified that he had been convicted of several crimes in the past. His testimony was self-contradictory at some points. It was contradicted by the arresting policeman in minor ways. And the secretary of the company which employed appellant contradicted his testimony that he had worked on March 5. Hence, his credibility was substantially impeached.

Appellant urges as grounds for reversal the admission of certain hearsay evidence which impeached his credibility further and also contradicted his alibi at an important point. We agree that this was error. The evidence involved a statement allegedly made by one Fields, appellant's companion at the time of his arrest. Fields was not produced as a witness. Instead, and apparently to make up for his non-appearance, the prosecuting attorney on cross-examination asked appellant whether Fields had said anything to the policeman. The appellant had said nothing on direct about statements attributable to Fields. In response to such questions, appellant gave several different versions of what he remembered that Fields had said, all consistent with appellant's story.[1] The prosecutor tried to establish through leading questions that Fields had said more to the policeman—that in fact Fields had said that he had lived with appellant and that he had come to the room after 12:00 on the night of the robbery and found that appellant was not there; and that he didn't know where appellant was that night. Appellant stated that he had not heard Fields make these statements. Defense counsel objected "to this whole line

---

1. Appellant testified that Fields said: " 'No, sir, this man's been with me all night' "; " * * * me and him was together that night"; " 'This man was with me last night * * *. I seen this man last night when he came home' ";

" 'No sir, I'll go with Cannady anywhere. I'll go with him down to the precinct to testify for him' "; " 'I seen Cannady when he come in from work Thursday night * * *. You got this man wrong.' "

of questioning because it is purely hearsay." His objection was overruled.

The prosecutor then put on two witnesses, the policeman who made the arrest and the complaining witness who was present at the time of the arrest. Both testified in substance that Fields had said that he was in the hotel room and that he did not know where appellant was from midnight until morning on the night of the robbery.

 Such testimony concerning Fields' statement obviously did more than call in question appellant's credibility. It undermined his alibi. Moreover, the trial judge did not give an instruction to the jury limiting its use of the evidence to impeachment purposes. As the case was given to the jury, the reports of Fields' out of court statement could be given the same weight as sworn testimony by Fields. This clearly was improper.[2] The purpose of the hearsay rule is to prohibit the use of such unsworn, uncross-examined testimony as substantive evidence in a case. McCOR-MICK, EVIDENCE § 224 (1954). The fact that such testimony serves an impeaching function independent of the truth of the unsworn statement testified to does not justify its use where the content of the statement is highly prejudicial. *Cf*. Bartley v. United States, 115 U.S.App.D.C. 316, 319 F.2d 717 (1963); Baber v. United States, 116 U.S.App.D.C. 358, 324 F.2d 390 (1963), cert. denied, 376 U.S. 972, 84 S.Ct. 1139, 12 L.Ed.2d 86 (1964).

Appellee argues that we should regard this admission as harmless error, Rule 52(a), if we conclude that it was error at all. It argues that the fact that "appellant was not a truth-telling witness * * * [had already been] made abundantly clear to the jury * * *." Hence, any further impeaching evidence improperly admitted would not be grounds

for reversal. However, it must be noted that, while appellant was not the most convincing witness, the Government's case against him was extremely thin. In such a case we are reluctant to hold that the admission of hearsay evidence substantially undercutting appellant's alibi was harmless error. If the hearsay evidence had been used to impeach appellant's credibility by showing a contradiction on some insignificant matter, we would hesitate to reverse his conviction.

In view of our disposition of this point, we need not reach the other issues raised by appellant. Any errors that may have been committed in the course of the first trial will undoubtedly be cured in a new trial.

Reversed.

WILBUR K. MILLER, Senior Circuit Judge, dissents.

---

2. Even when a witness upon whom the Government had expected to rely testifies differently and surprise is disclosed, prior contrary statements may be received only by way of impeachment under proper instruction, and not as substantive evidence. *Cf*. Robinson v. United States, 113 U.S.App.D.C. 372, 377, 308 F.2d 327, 332 (1962), cert. denied, 374 U.S. 836, 83 S.Ct. 1887, 10 L.Ed.2d 1058 (1963).