**John Jerimiah SCOTT, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4957.**

District of Columbia Court of Appeals.

Argued Sept. 16, 1969.

Decided Dec. 2, 1969.

Larry J. Ritchie, Wheaton, Md., appointed by this court, for appellant.

Robert C. Crimmins, member of the bar of New York, pro hac vice, with whom Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief, for appellee. John A.

---

4. Hampton v. Mott Motors, Inc., D.C. Mun.App., 32 A.2d 247, 248 (1943).

5. This is not a case for double rent under D.C.Code 1967, § 45–907.

Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by the court of assault[1] and carrying a deadly weapon[2] and sentenced to concurrent terms of ninety days on each charge. On appeal he complains of ineffective assistance of trial counsel.

On October 24, 1968, appellant was arrested, arraigned, and given court-appointed counsel. At trial on November 27, 1968, the complainant, a bus driver, testified that he observed appellant running across the street; that he waited for appellant who then boarded his bus and thanked him for waiting; that after the bus had traveled a block a young man boarded the bus; that appellant got upset when the boy got on the bus and told him to " 'go get his gang now' that he got something for them * * *." Appellant was carrying a knife in a brown paper bag. The driver testified that after the bus had traveled some distance farther, he mentioned to appellant that he had not put a fare in the box, and appellant then "stood up over me with the knife—I knew he had the knife—and he told me if I summonsed [sic] the policeman, he would get me with the knife, and also, if anything happened he would get me later * * *." At this point complainant stopped the bus and hailed a police cruiser.

Trial counsel declined to cross-examine either the complainant or the arresting officer who testified that after being summoned by the bus operator he arrested appellant and removed a butcher knife wrapped in a brown paper bag from appel-

lant's hand. The knife was admitted into evidence without objection.

Appellant, testifying as a witness in his own behalf, stated that he used the knife in his employment as a cook and that, when arrested, he was carrying the knife to his home because he no longer needed it in his work. He denied that he had assaulted or attempted to assault anyone.

■ An appellant attempting to establish the incompetence of his trial counsel not only assumes a heavy burden but must also demonstrate that he was prejudiced by being deprived of a substantial defense. Bruce v. United States, 126 U.S.App.D.C. 336, 339, 379 F.2d 113, 116 (1967); Smith v. United States, D.C.App., 235 A.2d 574, 575 (1967).

■ A trial counsel's decisions to forego cross-examination of a witness, not to object to the admission of evidence, and not to call eyewitnesses or character witnesses, are tactical determinations and as such are not subject to review. "Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues."[3] Improvident strategy, mistake, or carelessness do not amount to ineffective assistance of counsel unless, taken as a whole, the trial amounted to a mockery of justice. Edwards v. United States, 103 U.S.App.D.C. 152, 153, 256 F.2d 707, 708, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958).

■ The record here does not indicate that appellant was deprived of a substantial defense because of any "gross incompetence" of trial counsel.[4] Defense strategy was to deny the assault and to prove that appellant was excepted from the weapon's charge by reason of the provisions of D.C. Code 1967, § 22-3205. In our judgment,

1. D.C.Code 1967, § 22-504.

2. D.C.Code 1967, § 22-3204.

3. Mitchell v. United States, 104 U.S.App. D.C. 57, 62, 259 F.2d 787, 792, cert. de-

nied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958).

4. Bruce v. United States, 126 U.S.App.D.C. 336, 339, 379 F.2d 113, 116 (1967).

the use of this strategy, whether or not it can later be criticized as improvident or mistaken, does not demonstrate an incompetence justifying reversal for ineffective assistance of counsel.

Affirmed.