Peter G. HURLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 5331.

District of Columbia Court of Appeals.

Argued Jan. 11, 1971.

Decided Feb. 26, 1971.

Robert E. Lynch, Jr., Washington, D. C., for appellant.

14.  Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962).

Robert S. Tignor, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Michael J. Madigan, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and PAIR, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a conviction for carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204.

At about 1:30 one morning a police officer saw a car driven by appellant parked in a crosswalk at 14th and T Streets, N. W. while a passenger was apparently conversing with a lady standing near the curb. The officer pulled the squad car in behind appellant to advise him he was blocking the crosswalk, whereupon appellant, with the officer following, turned right on T Street, south on 13th Street and west on S Street and passed a red light at 14th and S Streets. He returned to 14th and T Streets, where the officer stopped him and issued two traffic tickets for passing a red light and obstructing a crosswalk. Appellant indicated he did not intend to post collateral so the officer told him to follow along in his car to the police station. As they were entering the police station, appellant physically threatened the officer and did so again inside the station. He was charged with disorderly conduct, "advised of his rights" and searched prior to incarceration. Approximately nine rounds of .22 caliber ammunition were found on his person.

The police officer testified that after appellant was incarcerated he went to the car for the purpose of moving it to the police parking lot for safekeeping. Appellant was not the registered owner of the car. Upon entering the vehicle, the officer saw a .22 caliber pistol protruding from under the front seat, which proved to be loaded. He then left the car where it was and brought the gun into the station. The registered owner of the car came into the station shortly thereafter, having been placed under arrest by another officer for

another charge. He stated that his wife was en route to post collateral and he would remove his car. For this reason, says the officer, the car was not impounded. A pre-trial motion to suppress the gun was denied after a hearing. The admissibility of the gun into evidence was raised at the subsequent trial and it was received over appellant's objection.

Appellant argues that what took place was an illegal exploratory search of the car which cannot be legalized on the ground that the search was incidental to impounding the vehicle for safekeeping. Further, says appellant, the car was not impounded but was left on the street where the search occurred.

We need not resolve the issue on this ground. It is enough for us that, upon finding approximately nine rounds of .22 caliber ammunition on appellant's person when searched prior to incarceration, it was reasonable to believe appellant was carrying a pistol; and since it was not on his person, it was likewise reasonable to believe the gun was in the vehicle he had just left. This car was known to belong to another person, who had the right to drive it away at any time. Hence, it was not practicable to obtain a search warrant to search the car.

Under these circumstances, we think there was probable cause to search the vehicle for contraband, that is, the pistol. When the officer saw the pistol protruding from under the seat he was authorized to seize it. Because of its mobility, an automobile "may be searched without a warrant in circumstances which would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize." Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419 (1970), citing Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Since probable cause was present, the seizure of the pistol was lawful.

Affirmed.