Joel TERRELL, a/k/a Joe J. Terry, Appellant,

v.

UNITED STATES, Appellee.

No. 6355.

District of Columbia Court of Appeals.

Argued July 18, 1972.

Decided Sept. 11, 1972.

Brice M. Clagett, Washington, D.C., appointed by this court, with whom Peter D. Trooboff, Washington, D.C., appointed by this court, was on the brief, for appellant.

David M. Bullock, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Richard N. Stuckey and David G. Larimer, Asst. U. S. Attys., were on the brief, for appellee. Robert E. L. Eaton, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

■ Terrell appeals from a conviction of carrying a pistol without a license (D.C. Code 1967, § 22–3204) and for unlawful possession of marihuana (D.C. Code 1967, § 33–402).[1] After three mistrials—the first due to a breakdown of relationship with his first counsel; the second due to illness of the trial judge; and the third due to a testimonial reference during the Government's case-in-chief to the fact that Terrell had requested hospital treatment for heroin withdrawal—he received a sentence of three years on the weapon count and a concurrent 30-day sentence on the marihuana count. The main contention on appeal is that the public defender lawyer ultimately assigned to represent Terrell (not counsel on appeal) was so ineffective that appellant was virtually deprived of his constitutional right to counsel. The alleged error relates to counsel's failure to call appellant's uncle to testify concerning the uncle's ownership and custody of the pistol even though the uncle was expected to assert the self-incrimination privilege as to that inquiry. It is also contended that ineffectiveness of counsel is heightened by counsel's failure to request a fourth mistrial when on rebuttal a police witness referred again to the request for treatment for heroin withdrawal. The rebuttal testimony related to Terrell's defense that he was not guilty of an assault but had been beaten by the police and had thus requested hospital treatment. Counsel on appeal also contends that a search of the car in which Terrell had been seated and the seizure of a pistol from the glove compartment were illegal.[2] We affirm.

Treatment of the search and seizure issue first will facilitate an understanding of the essential facts. At about 7:15 a. m., Terrell was seated, slumped over the steering wheel, in a car which was standing with the motor running in a no-parking zone. When the police officers in a squad car sounded its horn, Terrell sat up and appeared to be in distress. One officer left the police car to inquire if he was well. The response was a quick and nervous, "I'm feeling fine. I'm fine." Because Terrell made a gesture by moving his right hand on the car seat, the officer asked him to get out of the car. As Terrell complied, the officer observed that the pockets of appellant's nylon windbreaker were hanging as if holding something heavy. Terrell kept

---

1. He was acquitted of a count of assault on a police officer (D.C.Code 1967, § 22–505(a) (Supp. V, 1972)).

2. It is not appropriate for this court to treat a contention, based on material outside the record on appeal, that erroneous information was given at the sentencing proceedings by the prosecution. Such matter is appropriate for a motion to vacate or reduce sentence which may be filed in the trial court now (cf. Smith v. Pollin, 89 U.S.App.D.C. 407, 190 F.2d 657 (1951)) or after disposition of this appeal. See D.C.Code 1967, § 23–110 (Supp. V, 1972). See also Super.Ct.Cr. R. 35(a).

his hands in front of the pockets. After Terrell had produced his driver's license and vehicle registration and was replacing them in his pocket with one hand, he moved his other hand enough to reveal a square-shaped object in the jacket pocket which, to the officer, looked like an automatic pistol. The officer informed Terrell he was going to frisk him, but Terrell pushed and struck the officer and fled into a nearby house. He was pursued and, after further fighting, was apprehended and returned to the car where a hostile crowd had gathered. A search of the jacket disclosed 11 rounds of 9 mm. ammunition, a square key case, and some cigarette paper containing what then appeared and later was determined to· be marihuana. Because of the crowd, Terrell and the car were taken to the police station where, after securing Terrell inside, the officer searched the car for a suspected weapon or drugs. He found and seized a 9 mm. automatic pistol and a fully loaded clip of ammunition in the glove compartment.

■■■ It is argued that the automobile search was unlawful because (1) it was not incident to the arrest; (2) there was no probable cause to search the car at the time of the arrest; (3) a warrant to search the car was required; and (4) there was no probable cause for the arrest. We are asked to pinpoint the arrest at the time when the intent to frisk was announced, or at least when Terrell was brought from the house. Whether the Government is required to justify as reasonable the aborted attempt to frisk Terrell—since nothing but violence and flight were then produced—it is clear that the conduct of the officer to the point-in-time when he was pushed by Terrell was fully justified under the Terry v. Ohio [3] requirement of articulable circumstances giving rise to reasonable inquiry and suspicion. After the assault on the officer, the

flight, and the continued violence, it is unquestioned that Terrell's arrest and search were proper. The existence of probable cause to arrest for assault on a police officer is clear.[4] *See* D.C.Code 1967, § 22–505 (Supp. V, 1972). The search conducted of Terrell's person yielding ammunition and marihuana was therefore justified as a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. Bynum, D.C.App., 283 A.2d 649, 650 (1971); Burroughs v. United States, D.C.App., 236 A.2d 319, 321–322 (1967). After finding the ammunition and marihuana, that fact and other existing facts (*e. g.*, Terrell's earlier occupancy of the car, his furtive actions, assault, flight, and resistance) were sufficient to establish probable cause to search the car for further related evidence; such as, ammunition, guns, or drugs. *Cf.* Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, 618 (1972) (where fruits of a justified search were considered in formulating probable cause). Because of the gathering of a hostile crowd, a justified search was postponed until the car and Terrell were taken to the police station. That does not, on these facts, revive or create a Fourth Amendment right in Terrell to have the car searched only by authority of a warrant. A warrantless search of the car based on probable cause which would have been valid immediately before is not rendered invalid merely because of the necessity to move the car from a hostile crowd. The test to be met is one of probable cause and the finding of exigent circumstances—a factor which is inherent when dealing with mobile objects such as cars. In addition we observe that Terrell asked a friend to take the car to his wife (Terrell's fiancée) who was later shown to be the owner of the car. The need for an immediate search in this case is made no less compelling by the

3. 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968).

4. *Cf.* Von Sleichter v. United States, —— U.S.App.D.C. ——, (No. 24,456, decided June 15, 1972) (slip op. at 8), to the

effect that ultimate guilt of the arrest offense is irrelevant to the question of a valid arrest. Thus we care not that Terrell was acquitted of assault on a police officer. *See* note 1, *supra*.

change of location of the car. *See* Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) ; United States v. Free, 141 U.S.App.D.C. 198, 202, 437 F.2d 631, 635 (1970) ; Hurley v. United States, D.C.App., 273 A.2d 840, 841 (1971).

■ As to the point respecting asserted inadequate representation, it is noted that counsel was fully aware of the previous mistrial relating to the officer's testimony on direct examination that Terrell was a heroin addict. When the same fact came to light at the fourth trial, it was in a much different context. Terrell had testified · that he was beaten by the police and wanted hospitalization. It was quite relevant for the Government to rebut this testimony with their evidence of Terrell's purpose for requesting hospital treatment. *Cf.* United States v. Thompson, D.C.Cir., 465 F.2d 583, (decided May 8, 1972) at 585. It cannot be said in this context that the trial judge was, sua sponte, required to declare a mistrial when the tactical choice of counsel was in all probability to proceed. Therefore, even if counsel had not made a deliberate choice, he was hardly so professionally wrong as to have violated his Sixth Amendment duty to his client and his professional duty to the court.

■ The same must be said of the obvious choice of counsel not to interrogate the uncle as to his ownership or prior possession of the gun. Whether to call witnesses for the defense and the extent to which witnesses should be interrogated are judgments left almost exclusively to counsel. Scott v. United States, D.C.App., 259 A.2d 353, 354 (1969), petition for allowance of appeal denied, 138 U.S.App.D.C. 339, 427 F.2d 609 (1970). *See* United States v. Rubin, 433 F.2d 442 (5th Cir. 1970) ; United States v. Garguilo, 324 F.2d 795 (2d Cir. 1963) ; O'Malley v. United States, 285 F.2d 733 (6th Cir. 1961) ; Bolden v. United States, 105 U.S.App.D.C. 259, 266 F.2d 460 (1959). At a previous trial, it was suggested to counsel that he might seek such testimony from the uncle,

or a claim of the Fifth Amendment privilege by the uncle from the witness chair. Counsel very likely concluded not to do so in light of the evidence that Terrell was found alone in the car at 7:15 a. m. with 9 mm. ammunition in his pocket and a 9 mm. pistol in the glove compartment. Even though the uncle owned the gun and had custody of the car for a few days before the incident in question, the lack of this possible testimony did not "in effect [blot] out the essence of a substantial defense" respecting Terrell's knowledge of the presence of the gun. Bruce v. United States, 126 U.S.App.D.C. 336, 340, 379 F.2d 113, 117 (1967). Moreover, even assuming questionable judgment on the part of counsel, "[m]ere improvident strategy, bad tactics, mistake, carelessness or inexperience do not necessarily amount to ineffective assistance of counsel, unless taken as a whole the trial was a 'mockery of justice.' " Edwards v. United States, 103 U.S.App. D.C. 152, 153, 256 F.2d 707, 708 (1958). *See also* Bruce v. United States, *supra*; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667 (1945) ; and Scott v. United States, *supra*. It cannot be said that this trial descended to that level. *See* ABA Project on Standards for Criminal Justice, The Defense Function § 5.2(b) (Approved Draft, 1971).

■ Appellant's counsel at oral argument also urged that the Government's failure to extend immunity to the uncle amounted to a deprivation of due process of law. However, we cannot construe appellant's right to a fair trial, a Sixth Amendment right to counsel, or compulsory process for witnesses as warranting the proposed conclusion. In light of the discretion given the executive branch by Congress to extend a grant of immunity and the lack of judicial authority to compel such a result (Earl v. United States, 124 U.S.App.D.C. 77, 361 F.2d 531 (1966)), we are bound to conclude that this argument is without merit. Finding no deprivation of appellant's constitutional rights, we accordingly

Affirm.