**Carl H. SPENCER, a/k/a Spencer Carl Hamlett, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6798.**

District of Columbia Court of Appeals.

Argued April 24, 1973.

Decided Feb. 11, 1974.

---

Joan M. McIntyre, Washington, D.C., appointed by this court, for appellant.

N. Richard Janis, Asst. U. S., Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Stuart M. Gerson, Asst.

U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

PER CURIAM:

Appellant was driving an auto through northeast Washington at a high rate of speed in the early morning hours. Upon seeing two police officers parked in their cruiser he hastily applied his brakes causing his car to skid. As the officers came up behind they observed appellant switch places with the passenger in the front seat and *then* lean forward as if to place something under his seat. One officer approached the passenger side of the vehicle where appellant was now seated and, upon learning that he did not have a permit, placed him under arrest. That officer searched appellant and found five tinfoil packets containing a white powder. With this discovery, the second officer, who had approached the driver's side of the car, asked the *quondam* passenger to step out of the car, and then swept his hand under the front seat finding a gun on the passenger side where appellant had been last sitting.

Appellant was convicted of carrying a pistol without a license and possessing heroin, and challenges these convictions on the ground that the police acted unlawfully in searching his person and underneath the front seat of the car. He further contends that the prosecution failed to show that the narcotic drug received into evidence at trial was the very same powder substance taken from him at the scene of his arrest.[1]

■ The Supreme Court's decisions in United States v. Robinson, 414 U.S. 113, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), and Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), dispose of ap-

---

1. Specifically, appellant suggested that there was a "break" in the chain of custody when a preliminary field test of the substance seized occurred in the precinct prior to a qualified chemist conducting a chemical analysis.

pellant's contention that the search of his person after arrest for driving without a permit was unlawful. As for the seizure of the gun, appellant's actions once he saw the police, *viz.,* a precipitous stop, switching places with his passenger, and then leaning forward as if to hide something under the seat, gave the officer, when coupled with his discovery of suspected narcotics, probable cause to search for contraband under the seat where appellant had been sitting. Hurley v. United States, D.C.App., 273 A.2d 840 (1971); McGee v. United States, D.C. App., 270 A.2d 348 (1970).

■ We are further satisfied after a review of the record that the government maintained intact the requisite chain of custody of the narcotics from the point of its seizure to the time it was admitted into evidence.

Affirmed.