James **WASHINGTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22022.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 1, 1968.

Decided Feb. 28, 1969.

Petition for Rehearing Denied May 22, 1969.

Mr. James T. Barbour, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. John G. Gill, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Harold J. Sullivan, Asst. U. S. Attys., were on the brief, for appellee.

Before TAMM, LEVENTHAL and ROBINSON, Circuit Judges.

## PER CURIAM:

On a Sunday morning in November, 1967, an adult male and two boys about eight years old entered a Sears, Roebuck & Company store through an unlocked door. Two employees engaged in special work on the second floor were alerted by the store's alarm system, and they proceeded to investigate. They discovered the man [1] on the main floor, but were unable to detain him until the police arrived.[2]

Officer Robert J. Kotlarsic responded to a prompt police radio call informing him of a burglary at the store. Arriving there, he observed and apprehended the two boys as they fled therefrom. After interviewing the boys, Officer Kotlarsic and another officer proceeded with one of the boys to an apartment located across the street from the store. There they knocked on the door, which appellant's father opened, and the boy was asked whether he recognized him. Receiving a response in the negative, the officers inquired as to whether anyone else was in the apartment. The father acknowledged that there was and, according to the officer,[3] invited them to enter. Inside the apartment was appellant, whom the boy immediately identified. Appellant was then arrested and taken to the Sears store, where the two employees

---

1. One employee saw both boys. The other saw only one. Neither employee identified either boy.

2. While one employee went to make a telephone call, the other endeavored to detain the man in conversation. There was no effort toward physical detention.

3. Officer Kotlarsic testified that appellant's father "invited us in." The father's narrative of this episode did not focus on the question of invitation and he said merely that "they came in."

said he was the man they had seen previously that morning.

■ At the trial, on a charge of housebreaking,[4] the boy and the two employees identified appellant as the adult party in the store. Officer Kotlarsic and the employees also referred in their testimony to the latter's prior out-of-court identifications. Convicted as charged,[5] appellant contends principally[6] that the entry into the apartment and the ensuing arrest were unlawful, fatally tainting the identifications.[7] The Government, on the other hand, argues that there was probable cause for appellant's apprehension when the officers set out for the apartment, and that this legalized the entry irrespective of the efficacy of the father's "invitation" to do so.[8] This position rests on the premise that Officer Kotlarsic's conversation with the two boys brought out not only that at least one of them could identify the intruder but also precise information as to where he had gone after leaving the store.

■ We need not, however, examine the logic of the inference the Government draws from these circumstances, nor embark upon a record exploration as to probable cause or alternatively as to valid consent for the entry. Appellant did not, prior to or at his trial, raise any issue in either regard, and we could consider his present contentions only because we are at liberty to notice plain error.[9] But whether we should entertain them on that basis is a matter of judicial discretion,[10] in the exercise of which we do not close our eyes to the realities of the situation before us.

4. D.C.Code § 22–1801 (1967 ed.).

5. Thus the jury rejected appellant's testimony, corroborated by his father, that he was in the apartment at the time the store was entered.

6. Appellant also claims that he was not effectively assisted by his trial attorney (not his counsel on appeal) because no objection was made to introduction of the identification testimony. We do not reassess defense counsel's trial tactics or decisions in retrospect, Bruce v. United States, 126 U.S.App.D.C. 336, 340 n. 5, 379 F.2d 113, 117 n. 5 (1967) and cases cited, and on consideration of all of the circumstances, hereinafter discussed in the text, we find no basis for holding that appellant did not receive effective representation by trial counsel. Compare Bruce v. United States, *supra*.

7. In Payne v. United States, 111 U.S.App. D.C. 94, 97–98, 294 F.2d 723, 726–27, cert. denied 368 U.S. 883, 82 S.Ct. 131, 7 L.Ed.2d 83 (1961), the accused was placed in a lineup during a period of unnecessary delay in presentment before a magistrate, and was then identified by the victim as the perpetrator of an offense other than that for which he had been arrested. At his trial for the offense to which the lineup identification related, the court allowed the victim to make an in-court identification but not to refer to the lineup identification. We sustained the ruling permitting the in-court identification, and left open the question whether it was necessary for the trial judge to exclude reference to the lineup identification.

In the case at bar, the boy and both of the Sears employees made in-court identifications of appellant. Additionally, there was testimony as to the boy's identification of appellant inside the apartment, and as to the employees' on-the-scene identifications of appellant shortly after his arrest.

8. Compare Washington v. United States, 105 U.S.App.D.C. 58, 263 F.2d 742, cert. denied 359 U.S. 1002, 79 S.Ct. 1142, 3 L. Ed.2d 1032 (1959).

9. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." F.R.Crim.P. 52(b).

10. See Manning v. United States, 125 U.S. App.D.C. 256, 371 F.2d 353 (1966); Berry v. United States, 102 U.S.App. D.C. 353, 253 F.2d 875 (1958). See also United States v. Indiviglio, 352 F.2d 276, 280 (2d Cir. *en banc* 1965), cert. denied 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966); United States v. Bowling, 351 F.2d 236, 241 (6th Cir. 1965), cert. denied 383 U.S. 908, 86 S.Ct. 888, 15 L.Ed.2d 663 (1966).

Of the two questions now tendered by appellant,[11] that concerning probable cause would be of first importance, for if there was probable cause for appellant's apprehension, the peaceful though warrantless entry into the apartment under the exigent circumstances of this case poses no real problem.[12] The record casts no suspicion on probable cause when the officers knocked on the door of the apartment; rather, what makes for pause is the deficiency of the record, for with the entry and arrest unchallenged in the District Court the Government had no occasion to develop comprehensively the facts specifically referable to probable cause.

■ But while we do not know exactly what the boys told Officer Kotlarsic, we do know that after talking with them he and his fellow officer were able to go straight to the apartment where appellant lived, accompanied by one of the boys who professed the ability to identify the adult burglar. We know, too, that the boy informed the officers that the person who answered the knock on the door was not the party sought, a fact enhancing his apparent reliability by at least minimizing the chance that he was endeavoring to shift blame to a convenient victim. That the leads making the identifications possible were supplied by an eight-year old boy or boys would not of itself negate probable cause.[13] While information subsequently obtained cannot fill the gap if probable cause is lacking, and so it is not, strictly speaking, relevant that the boy's information was later corroborated by the Sears employees, the circumstance obviously has a bearing on the possibility of miscarriage of justice and can be taken into account in the exercise of our discretion whether to invoke the plain error rule to the extent of ordering a remand.[14]

■ We do not intimate a view as to whether these circumstances provide sufficient warrant for a conclusion that probable cause actually existed. That matter could be completely explored only by a remand of this case to the District Court for further inquiry as to the details the boys supplied in their prearrest conversation with Officer Kotlarsic. Need for this is not in the least suggested by the record, and we think that with so small a probability that probable cause was lacking in this case, our discretion to consider plain error would not be wisely exercised by entertaining that unraised issue.

Affirmed.

11. It should be noted that appellant challenges the identifications as products of an alleged illegal entry and arrest and does not invoke the principles expounded in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The confrontations from which the identifications emanated, all occurring within 20 to 30 minutes after the offense was committed, fall within the purview of our past decisions, on the basis of which we could find no fault. Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280 (Jan. 24, 1969); Wise v. United States, 127 U.S.App.D.C. 279, 282–283, 383 F.2d 206, 209–210 (1967), cert. denied 390 U.S. 964, 88 S.Ct. 1069, 19 L. Ed.2d 1164 (1968); Bates v. United States, 132 U.S.App.D.C. 36, 405 F.2d 1104 (1968).

12. Washington v. United States, *supra* note 8, 105 U.S.App.D.C. at 60, 263 F.2d at 744; Ellison v. United States, 93 U.S. App.D.C. 1, 3, 206 F.2d 476, 478 (1953). Compare Chappell v. United States, 119 U.S.App.D.C. 356, 358, 360, 342 F.2d 935, 937, 939 (1965). See also Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 298–300, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Morrison v. United States, 104 U.S.App.D.C. 352, 356, 262 F.2d 449, 453 (1958); Accarino v. United States, 85 U.S.App.D.C. 394, 179 F.2d 456 (1949).

13. See Washington v. United States, *supra* note 8.

14. We do not consider the confrontation with the Sears employees an indication of lack of probable cause, but rather as "effective and intelligent law enforcement." Wise v. United States, *supra* note 11, 127 U.S.App.D.C. at 281, 383 F.2d at 208.