Anthony FRAGER, Appellant,

v.

UNITED STATES, Appellee.

No. 4915.

District of Columbia Court of Appeals.

Argued July 7, 1969.

Decided Nov. 7, 1969.

John Louis Smith, Jr., Washington, D. C., appointed by this court, for appellant.

Edwin K. Hall, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

HOOD, Chief Judge.

Appellant was charged with and convicted by a jury of petit larceny, assault and carrying a deadly weapon. The sole issue on appeal is whether appellant's arrest without a warrant and the subsequent seizure of appellant's knife were illegal.

On September 30, 1968, one Floyd Fox was robbed at knifepoint by two youths in broad daylight. The youths took the complainant's wallet and shoes and fled into an apartment building. The complainant followed his assailants and saw the apartment which they entered. He immediately notified the police. Approximately fifteen to twenty minutes after the robbery, a police officer, accompanied by complainant, arrived at the apartment that the assailants were seen to enter. The officer was admitted into the apartment by appellant's sister, and was directed to go to the appellant's bedroom. Upon entering the bedroom, the officer saw appellant lying on a couch, apparently asleep, with a knife sticking out of his back pocket. The knife was seized and appellant was placed under arrest. No search was made of the apartment. The complainant, upon seeing appellant, verified that appellant had been one of his assailants.

At trial, appellant's counsel moved to suppress the knife. However, after hearing the arresting officer's testimony relating to his entry into the apartment and the arrest of appellant, counsel withdrew his motion. Appellant now claims on appeal

that it was plain error for the trial court not to suppress the knife upon hearing the officer's testimony. He contends that the arrest and seizure were illegal because they were made without a warrant, and that entry into the apartment was not under exigent circumstances.

■ It is well recognized that "police must be faced with exigent circumstances, sometimes called necessitous circumstances, before they can enter a home to make an arrest without a warrant." Jones v. United States, U.S.App.D.C., (decided May 5, 1969) (slip opinion at 6). However, in numerous cases similar to the one before us a peaceful entry, with or without consent, has been held reasonable and valid where: (1) the police had probable cause to believe that a felony had been committed and that the felon was within the apartment; (2) that the offense was a violent crime; (3) that the arrest was made in the course of an uninterrupted police investigation; (4) that only a short time had elapsed between the crime and the entry into the premises; and (5) that it was reasonable that the felon be identified and apprehended at once without seeking a warrant. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L. Ed.2d 782 (1967); James Washington v. United States, 134 U.S.App.D.C. ——, 414 F.2d 1119 (decided February 28, 1969); Chappell v. United States, 119 U.S.App. D.C. 356, 342 F.2d 935 (1965); Artis Washington v. United States, 105 U.S.App.D.C. 58, 263 F.2d 742 (1959), cert. denied, 359 U. S. 1002, 79 S.Ct. 1142, 3 L.Ed.2d 1032; Durham v. United States, D.C.App., 237 A.2d 830 (1968).

■ On the facts in the record as stated above, we find that the evidence clearly indicates that the arrest was made under exigent circumstances, and that the officer acted in a reasonable manner in effectuating the arrest.

Affirmed.