**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald J. HALL, Defendant-Appellant.**

**No. 30652.**

United States Court of Appeals,
Fifth Circuit.

April 9, 1971.

Will Gray, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Joe Doucette, Edward B. McDonough, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before SKELTON *, Judge of the Court of Claims, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

In form, Donald J. Hall appeals from his conviction after a jury trial on charges of bank robbery and assault.[1] However, Hall concedes that the evidence adduced was sufficient to support the verdict of the jury and no contention is raised as to the rulings of the court during the formal trial. The substance of his appeal is directed solely to the admis-

---

* Honorable Byron G. Skelton, sitting by designation.

1. 18 U.S.C.A. §§ 2213(a) and 2213(d).

sibility in evidence of certain identifiable money (commonly known as bait money) taken from the robbed bank. This bait money had been discovered in a concealed area of an automobile occupied by Hall and a passenger, John Linsicombe, during a warrantless search made at the time of Linsicombe's arrest. The automobile had been stopped a short time previously by Houston, Texas police officers on the basis of alleged traffic violations committed by Hall.

In his district court trial, Hall moved *in limine* to suppress the introduction of all evidence directly or indirectly connected with this bait money on the ground that his, Hall's, arrest—based upon a simple traffic offense—failed to supply probable cause to support the search. This motion was overruled on the basis that the search was not incident to Hall's arrest for traffic offenses but rather was incident to the arrest of Hall's passenger as a suspected bank robber.

No issue was ever joined in the trial court as to the existence of probable cause to arrest Linsicombe as a bank robbery suspect, and the record before us now is devoid of any facts related to this issue. For the first time on this appeal, Hall raises the question that the police lacked probable cause to arrest Linsicombe in connection with the bank robbery—hence, there was no probable cause to search and find the objectionable monies—hence, the admission of evidence directly dependent upon this search fruit should have been suppressed.

This case falls squarely within the rule which forbids appellate courts to try issues originated here. We refuse to fault the trial court's ruling on a basis never raised, and which that court had no reason to require be developed under the issues presented to it for decision by the defendant. Davis v. United States, 424 F.2d 1061 (5th Cir. 1970). No such exceptional circumstances exist in the case at bar as would warrant our considering

the trial court's action plain error such as might require a remand for further hearing to avoid a miscarriage of justice. *See* Washington v. United States, 134 U.S.App.D.C. 223, 414 F.2d 1119 (1969); *cf.* McKissick v. United States, 379 F.2d 754 (5th Cir. 1967).[2]

Affirmed.

---

2. It is appropriate to note that resourceful appellate counsel did not represent the defendant in the trial court.