**James Louis YOUNG, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5846.

District of Columbia Court of Appeals.

Argued Oct. 20, 1971.

Decided Dec. 20, 1971.

Rehearing and Rehearing En Banc Denied Feb. 29, 1972.

Andrew L. Frey, appointed by this court, for appellant.

Robert Richard Chapman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before FICKLING, GALLAGHER, and REILLY, Associate Judges.

REILLY, Associate Judge:

Appellant was convicted of receiving stolen property consisting of two sports coats in violation of D.C.Code 1967, § 22–2205. In urging this court to reverse his conviction, he contends that the stolen

property in question was improperly admitted into evidence because the paper bag in which he was carrying it was searched and taken from him prior to his arrest under circumstances amounting to an unreasonable search and seizure in violation of the fourth amendment.

As this is the only issue presented, the evidence bearing upon it may be summarized as follows: On the day of his arrest, two plainclothesmen in an unmarked police car observed appellant, an unidentified man, and a woman, at the corner of Ninth and N Streets, N.W., where appellant was displaying some clothes pulled halfway out of a large paper bag he was carrying. The unidentified man saw the car approaching and nudged appellant. The latter put the clothing back, rolled up the bag, and proceeded up the street.

The officers asked appellant to come over to the car, whereupon appellant called to the woman, who had started to leave the scene. She returned, he handed her the bag, and she again began to walk away as appellant approached the car. The officers identified themselves and requested appellant to tell the woman to return. When she did so, according to the policemen's testimony, appellant was asked what the bag contained. Without answering, appellant opened the bag, pulling out a sports coat as he did so.[1]

The officers noticed that the coats still had Hecht Company price tags attached, including a third segment of the tag normally torn off by the salesperson when a purchase is made.[2] Appellant was asked if he had a sales receipt. He answered in the negative, asserting that the coats belonged to his brother. When the woman denied any knowledge of the items, appellant said, "Tell them you stole the clothes." The woman remained silent. Appellant was formally arrested, advised of his rights, and taken into custody.

The contention that it was error to admit the coats at the trial is based on appellant's premise that until the officers perceived the triple price tags, they had no probable cause to make an arrest and therefore infringed upon appellant's rights in searching the bag. Taking account of the fact that the police version of the incident indicated that appellant's production of the bag's contents was voluntary, appellant, relying on Kelley v. United States, 111 U.S.App.D.C. 396, 298 F.2d 310 (1961), Higgins v. United States, 93 U.S.App.D.C. 340, 209 F.2d 819 (1954), and Cipres v. United States, 343 F.2d 95 (9th Cir. 1965), argues that the disclosure was really coerced. In all of these cases, where it was established that no probable cause for arrest existed at the time the various defendants were questioned by law enforcement officers, the courts indicated that seeming consent to the discovery of incriminating items was the product of official pressure or intimidation.

Before determining whether these decisions are applicable to the instant case, however, we note that the issue of unlawful search and seizure was never raised until this appeal was perfected. The procedure for bringing such a question to the attention of the trial court is most explicit. Superior Court Criminal Rule 41(g) provides that a person aggrieved by such unlawful action "may move the court for the return of the property and to suppress for use as evidence anything so obtained. . . ." It further provides that the "motion shall be made before trial . . . unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." The latter requirement was included in Rule 41(g) last February pursuant to specific Congressional legislation. D.C.Code 1967, § 23–104(a) (2) (Supp. IV, 1971).

Notwithstanding the failure of the defense to present such a motion either in a

---

1. The testimony of appellant, however, was that when his "girl friend" came up to the police car, one of the officers took the bag from her and removed a coat.

2. The Hecht Co. operates a large retail outlet at 7th and F Streets, N.W. At the trial a store employee testified that the coats came from Hecht's.

pretrial hearing or at the trial itself, we are urged to hold that it was plain error for the judge at the conclusion of the trial not to have excluded sua sponte the prosecution exhibits. Appellant cites Townsley v. United States, D.C.App., 215 A.2d 482 (1965), in which this court held that even in the absence of objection, it was reversible error for a trial court to receive as evidence a cache of narcotics taken from an apartment forcibly entered without a warrant. There, however, there was no doubt that the materials in question had been flagrantly and illegally seized. This was also the situation in the cases of other trial court reversals on which appellant relies, Smith v. United States, 118 U.S.App.D.C. 235, 335 F.2d 270 (1964) (warrantless search of car in police custody); Proctor v. United States, 131 U.S.App.D.C. 241, 404 F.2d 819 (1968) (statement made during in-custody interrogation without *Miranda* warning); and Rivers v. United States, 400 F.2d 935 (5th Cir. 1968) (pretrial confrontation with victim made without advising defendant of right to counsel).

■ The addition of § 23–104(a) (2) to the D.C.Code reveals an unmistakable Congressional intent to place a further restriction upon the manner in which search and seizure issues can be raised. Thus, in order for us to reverse the trial court here, we would have to hold that the way in which the police discovered the incriminating evidence was so patently illegal that it was plain error on the part of that court to fail to notice the inadmissibility of the proffered items.[3]

■ But we are not persuaded that the record reveals that the search undertaken by the police was manifestly illegal. For one thing, the line between probable cause and mere suspicion may be a thin one.[4] We also recognize that

"It is well established that 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Such investigatory encounters do not constitute 'arrests.' Young v. United States, 140 U.S.App.D.C. 333, 336, 435 F.2d 405, 408 (1970)."[5]

Then even if we were to agree that the officers' testimony indicated that appellant showed them the contents of the bag under circumstances amounting to coercion, the question of consent is muddied by appellant's own recollection of the crucial event, for the latter told the court that the bag was taken by the police, not from him, but from the girl—without apparent objection on her part.[6]

■ Accordingly, in deciding that the record discloses no "plain error", we reject the contention that the case should be viewed as one in which trial counsel was clearly negligent in failing to raise an obvious wrongful seizure issue. Counsel's own pretrial knowledge of the matter would undoubtedly have been based on what he learned from his client. If what appellant subsequently testified to on the stand was what he told his counsel, the latter might well have concluded that evidence to support a motion to suppress was lacking.

Affirmed.

---

3. Super.Ct.Crim. Rule 52(b).

4. *Compare* Munn v. United States, D.C. App.; 283 A.2d 28 (1971) *with* Daugherty v. United States, D.C.App., 272 A.2d 675 (1971) *and* Campbell v. United States, D.C.App., 273 A.2d 252 (1971).

5. United States v. James, D.C.Cir., 452 F. 2d 1375 at 1377 decided November 19, 1971).

6. *See* Brown v. United States, D.C.App., 261 A.2d 834, 835 (1970).