**Theodore GRENNETT, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7466.**

District of Columbia Court of Appeals.

Submitted March 13, 1974.

Decided April 18, 1974.

———◆———

Albert Troy Overby, appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Carolyn R. Kleiman, and Douglas M. Jackson, Asst. U. S. Attys., were on the brief for appellee.

Before GALLAGHER, NEBEKER and PAIR, Associate Judges.

PER CURIAM:

This matter came on for consideration on the briefs and record from the Superior Court of the District of Columbia and was submitted by counsel.

Appellant was arrested, tried and convicted after jury trial of the theft of two notebooks. D.C.Code 1973, § 22–2202. Notice was filed with the trial court that the offense was committed while appellant was on pretrial release and that he was subject to the additional penalties provided by D. C.Code 1973, § 23–1328. The court sentenced appellant to imprisonment for one day on the petit larceny charge and imprisonment for ninety days as a release offender.

On this appeal it is contended that (1) the notebooks should have been suppressed as having been illegally seized, and (2) the motion for judgment of acquittal made at the close of the government's case should have been granted because of the insufficiency of the evidence as to appellant's guilt. We disagree and affirm.

■ It is clear from the record that no motion to suppress the notebooks was made pretrial and that at trial the notebooks were introduced into evidence without objection. Under the circumstances, any objection to the evidence was waived. *See* Super.Ct.Crim.R. 12(b)(3); *accord,* Smith v. United States, D.C.App., 295 A.2d 64 (1972); Jenkins v. United States, D.C. App., 284 A.2d 460 (1971).

Appellant contends nevertheless that the evidence was insufficient to establish his guilt. The record discloses, however, that appellant was observed to enter the store, proceed to the stationery counter, and then pick up and place in the inside breast pocket of his coat two notebooks. Appellant then left the stationery counter without tendering payment to either of three available cashiers, after which he proceeded to several other sections of the store—passing a total of at least 12 cashiers without tendering payment for the notebooks. Appel-

lant was then arrested and, as he· was being escorted to the security area, a scuffle ensued and it became necessary to restrain him, after which the notebooks were recovered from an inner pocket of his coat.

At the close of the government's case appellant moved for judgment of acquittal, but the motion was denied. The motion for judgment of acquittal was *not* renewed at the close of all the evidence, and the case was submitted to the jury which found appellant guilty as charged.

▪ Giving the factfinder full play in determining credibility, we cannot say that the evidence was insufficient to support the jury's determination of guilt. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S. Ct. 1511, 91 L.Ed. 1850 (1947). *See also* In Matter of J.N.H., D.C.App., 293 A.2d 878 (1972). It follows that the judgment appealed from is

Affirmed.