**Allen L. FLUDD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6644.

District of Columbia Court of Appeals.

Submitted Sept. 18, 1973.

Decided April 22, 1975.

Roger A. Finzel, Washington, D. C., appointed by the court, amicus curiae, was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, John F. Finnegan, Jr. and Douglass J. McCollum, Asst. U. S. Attys., were on the brief for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of Burglary II (D.C. Code 1973, § 22–1801(b)) and petit larceny (D.C. Code 1973, § 22–2202). On appeal, through an amicus, he challenges the validity of the several identifications made of him by the complainant; the court's use of the word

"defendant" rather than "person" in one portion of an identification instruction, and the court's refusal to sentence him under the Narcotic Addict Rehabilitation Act, 18 U.S.C. § 4251 et seq. The same claims of error, and more, are urged by appellant in a pro se brief on appeal. Since one point raised by appellant appeared to have potential merit; viz., the failure of the trial judge to advise him of his constitutional right to be present at the hearing of his motion to suppress, resolution of this appeal was deferred pending our decision in Poteat v. United States, D.C.App., 330 A. 2d 229 (1974). We now affirm.

The prosecution evidence was that appellant and another man were seen leaving a building of the Washington Technical Institute in this city carrying, respectively, a typewriter partially hidden under a coat and a trash can. The men placed the items they were carrying in a green sports car. Appellant approached the complainant, who was outside the building cleaning sleet off his automobile, and asked him if he had seen Lt. Perry, a member of the Institute's security force. After a brief conversation appellant returned to the green car and left. The complainant, being suspicious, made a note of the license number of the car as it drove away. The tag number was given to the police after it was discovered that a typewriter and an adding machine were missing from an office in the building. It was later ascertained that the car belonged to appellant's mother and that it was used that day by her son.

The defense was alibi and mistaken identity. It was therefore important to test the soundness of the complainant's photographic and lineup identifications of appellant by a motion to suppress. In the written motion which was filed, however, counsel waived appellant's presence at the hearing and the verbatim transcript of the proceedings reflects the following:

THE COURT: The Court is informed that Mr. Fludd is in route to the court. We will take the matter as soon as Mr. Fludd arrives.

[Counsel]: Your Honor, I will waive his presence at this proceeding.

THE COURT: He is at this time on his way to the Court counsel.

[Counsel]: Your Honor, I did not ask that he be brought up I waived his presence on the third page of my motion to suppress the identification testimony. He was brought up for other matters possibly I am not asking that he be brought up in this case. I am representing to the Court that this is the first time that I have learned of this information on the day of the original schedule for trial and that is why I came in today to have the motion. I know that it is untimely made.

THE COURT: The Court will hear you with respect to the motion for leave to file.

*   *   *   *   *   *

THE COURT: Are you ready to proceed?

[Counsel]: I am ready to proceed, Your Honor.

THE COURT: Send Mr. Fludd back to the cell block when he arrives.

[Counsel]: I do not know if he has arrived but if he has I have no need for him.

THE COURT: [Counsel.] When he arrives if you will just speak to him and explain to him why you do not need him.

It appears that appellant was told about the hearing shortly after it was over.[1] The motion to suppress was taken under advisement and was later denied on the grounds that the procedure followed in the

---

1. A fair reading of the record is that counsel spoke to appellant about the hearing after it was concluded, just as he told the court he would. Thus appellant knew the hearing had taken place without his presence before the court's ruling thereon and before trial.

photographic identification process was not suggestive just because appellant's picture was placed last in a book of approximately 50 others and that the lineup identification was not tainted by the police officer's statement to complainant that the person whose photograph he had selected had been the driver of the green car. At counsel's request the court also ruled that an in-court identification, if made, would have an independent source for a number of reasons, one being the fact that complainant had not had an opportunity to view appellant at the suppression hearing.

In arguing for the first time on appeal that it was error to hold the suppression hearing in his absence, appellant suggests that counsel's explanation for the written and oral waivers does not reflect sound reasoning. According to appellant, counsel's explanation was that he did not want a confrontation between appellant and the complainant before trial because of possible in-court identification problems which might later arise. Appellant admits that he would fully agree with this theory were it not for the fact the complainant had already tentatively identified him from a photographic array, had positively identified him in a lineup, and had seen him on a previous occasion at court at which time a detective was heard to say: "There goes Mr. Fludd."

We recognize the logic of appellant's view that in these circumstances his presence at the suppression hearing could have aided counsel in cross-examination and in presenting testimony which "might have tipped the scales of justice in his favor", but must conclude that counsel's tactical decision not to let the complainant see appellant before trial is binding upon appellant and the waiver of his presence at the hearing does not constitute reversible error. See Poteat v. United States, *supra.*

As to the claim of prejudicial misidentification raised by amicus, we have carefully reviewed the record before us and are satisfied that the procedure followed which produced the tentative photographic identification, if suggestive at all, was not so unduly suggestive as to raise a substantial likelihood of irreparable misidentification.[2] We also conclude that the lineup identification was not tainted by any suggestive photographic identification procedure or by the police officer's subsequent remark that complainant had selected the photograph of the driver of the green car. Accordingly, the trial court did not err in denying the motion to suppress and submitting appellant's defense of mistaken identity to the jury on proper instructions.[3]

With respect to the contention that appellant should have been sentenced under the Narcotic Addict Rehabilitation Act, it is only necessary to note that sentencing under the Act is discretionary with the court, United States v. Williams, 407 F.2d 940 (4th Cir. 1969), and a sentence legally imposed will not be disturbed on appeal. Foster v. United States, D.C.App., 290 A.2d 176 (1972).

We have thoroughly reviewed every claim of procedural error raised by appellant pro se and find none requiring reversal.

Affirmed.

---

2. *See* Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *cf.* Sutton v. United States, 140 U.S.App.D.C. 188, 434 F.2d 462 (1970), cert. denied, 402 U.S. 988, 91 S.Ct. 1676, 29 L.Ed.2d 153 (1971).

3. It is true that a defendant is entitled to an instruction on his theory of the case, Womack v. United States, 119 U.S.App.D.C. 40, 336 F.2d 959 (1964), but he is not entitled to dictate the wording of that instruction. Salley v. United States, 122 U.S.App.D.C. 359, 353 F.2d 897 (1965).