**In the Matter of D. L. J., a/k/a R. M., Appellant.**

**No. 11720.**

District of Columbia Court of Appeals.

Argued Dec. 19, 1977.

Decided March 10, 1978.

Wallace J. Mlyniec, appointed by this court, for appellant. Richard K. Gilbert, law student (LS # 1393), also entered an appearance for appellant.

S. Perry Jones, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, were on the

brief, for appellee. Louis P. Robbins, Principal Deputy Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

■ Appellant, a juvenile tried before the Family Division, was found guilty of petit larceny (D.C.Code 1973, § 22–2202). Appellant contends that it was plain error to allow the prosecution to impeach him with his post-arrest silence. We agree, and thus reverse the finding of guilt.[1]

A special police officer in a downtown department store observed appellant take a jacket into a dressing room but emerge without it. After checking the dressing room, the officer followed D.L.J. up two flights of the escalator before arresting him. Appellant admits taking the jacket, but claims that two men, one of whom was armed, forced him to do so. Appellant testified that the two men preceded him up the escalator and got off at the first floor. He said he went on to the second floor to get away. Appellant did not offer this explanation of his conduct to the arresting officer.

On cross-examination of D.L.J., the prosecutor asked four times why he did not tell the police that he was forced to take the jacket. Defense counsel did not object to these questions.

■ It is clear under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), that a defendant's right to due process is violated when, after receiving *Miranda*[2] warnings, his post-arrest silence is used for impeachment purposes. *Doyle* held that the *Miranda* warnings include an implicit assurance that post-arrest silence will carry no penalty. Thus, the prosecutor's questions were improper.

1. Thus, it is unnecessary to deal with appellant's other contention, that he was denied an adequate opportunity to develop his defense of duress.

2. *Miranda v. Arizona*, 384 U.S. 436, 467–73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We are satisfied that D.L.J. received *Miranda* warnings at the time of his arrest, although the only

■ However, because no objection was made to these questions, they are not grounds for reversal unless amounting to plain error. *See Adams v. United States*, D.C.App., 302 A.2d 232 (1973); D.C.Code 1973, § 11–721(e). To require reversal, the unpreserved error "must be so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *Watts v. United States*, D.C.App., 362 A.2d 706, 709 (1976) (en banc).

That the error in this case had such a prejudicial effect is evident from the hearing court's reliance on appellant's post-arrest silence when it made the finding of guilt. The court expressed its disbelief in the "fantastic story" appellant set forth in his defense, adding "nor was there any evidence that he told this investigator that two other guys made him do it."

Accordingly, the judgment on appeal is *Reversed.*

evidence of that in the record is his testimony that "he told me if I signed the card, I could go home." We take judicial notice of the fact that the police routinely give a suspect a P.D. 47, a form listing his rights, which he is asked to sign to acknowledge receiving the *Miranda* warnings.