**AMERICAN SAMOA GOVERNMENT, Plaintiff**

v.

**FAGAVAO LUKI, aka FUNKY, and AZIZA PRITCHARD, aka CHEEZE, Defendants**

High Court of American Samoa
Trial Division

CR No. 15-92
CR No. 16-92

May 28, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan,
 Assistant Attorney General
 For Defendant Luki, Barry I. Rose,
 Assistant Public Defender
 For Defendant Pritchard, Robert A. Dennison III

On Motion to Suppress:

Defendant Fagavao Luki moves to suppress his confession made at the Fagatogo police station to Police Officer Analoi Suamataia on the morning of March 8, 1991. Among other things, Luki contends that he was arrested without a warrant and that his confession was obtained while he was unlawfully detained, in violation of his constitutional rights under Rev. Const. Am. Samoa Art. I, § 5.[1] The government relies on the provisions of A.S.C.A. § 46.0805(3), which authorizes a warrantless arrest "of persons found near the scene of a felony and suspected of committing it, where such suspicion is based on reasonable grounds and the arrest follows the crime by a short time."

The evidence shows that the defendant was taken into custody on the morning of March 8, 1992, and then later questioned. Officer Paulo Leuma testified that he and two other fellow officers from the village of Leone were instructed by Commander Poa'i Ripley to pick up the defendant, who is also a Leone villager. The officers did not have a warrant when they picked up the defendant, whom they found asleep at home. After he was first verbally warned of his *Miranda* rights, the defendant was then transported to the Tafuna sub-station where he was questioned by other officers.

Generally, an arrest whether with or without a warrant must be supported by probable cause. *Giordenello v. United States*, 357 U.S. 480 (1958); *Wong Sun v. United States*, 371 U.S. 471, (1963); *see also Gerstein v. Pugh*, 420 U.S. 103 (1975). The terms "probable cause" and "reasonable grounds" have been said, in the context of arrests, to be substantially equivalent in meaning. *Draper v. United States*, 358 U.S. 307 (1959). Furthermore, probable cause for a warrantless arrest must exist when the arrest is made, *see United States v. Simon*, 409 F.2d 474, 475 (7th Cir. 1969), *cert. denied*, 396 U.S. 829; *Washington v. United States*, 414 F.2d 1119, 1122 (D.C. Cir. 1969); *United States v. Rivera*, 321 F.2d 704, 708 (2d Cir. 1963), and the government has the burden of showing probable cause. *Wong Sun, supra*; *United States v. Rivera, supra*, at 708.

---

[1] This provision--proscribing unreasonable searches and seizures-- tracks the language of the Fourth Amendment to the United States Constitution; however, it differs from its federal counterpart in that it additionally provides that "[e]vidence obtained in violation of this section shall not be admitted in any court."

83

On the extent of the showing before us, we cannot say that there was either probable cause or reasonable grounds for arresting the defendant. Save for Officer Leuma's statement that he had heard from someone at the sub-station that the complainant had been raped, the Court was not told anything about the circumstances leading up to this particular defendant's arrest. The decision to arrest the defendant was made by the ranking officer of the watch, Commander Ripley, not the arresting officer, Leuma. Commander Ripley was not called to testify and explain his reasons for ordering the defendant's arrest.

On the foregoing, we hold that defendant Luki's statements made to Lt. Suamataia at the Fagatogo police station on the morning of March 8, 1992, must be excluded, since the government has failed to show that the defendant was, at the time he made the statements in question, arrested and detained upon "probable cause," within the meaning of Rev. Const. Am. Samoa Art. I, § 5, or "reasonable grounds," within the meaning of A.S.C.A. § 46.0805(3). *Won Sun*, *supra*. Motion to suppress is granted.

It is so ordered.